UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATORIA BROWN,

    Plaintiff,                                         Case No. 14-13036

v.                                                    Hon. John Corbett O'Meara

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendant.
_____/

**ORDER DENYING ALLSTATE'S
MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendant Allstate Property and Casualty Insurance Company's motion for summary judgment.

## BACKGROUND FACTS

Plaintiff Latoria Brown filed this action to recover under a homeowner's insurance policy issued by Allstate. Brown obtained the insurance policy, which covered her home on Shaftsbury Street in Detroit, on January 17, 2013. She paid an annual premium of $2,707.68 to insure her residence in the amount of $140,211 and the personal property contents for $84,127. Allstate noted that Brown insured her home for less than the estimated cost to replace it, which Allstate calculated to be $175,263. See Def.'s Ex. B.

On November 23, 2013, Brown's home caught fire and was destroyed. The Detroit Fire Department reported the fire as "unintentional." Pl.'s Ex. C. Brown submitted a claim to Allstate under the policy. As part of its investigation of the claim, Allstate requested that Brown appear for an examination under oath. Allstate also obtained Brown's income tax returns and the bankruptcy petition she filed on July 27, 2012. In the bankruptcy petition, Brown listed the value of her home as $20,000 and the value of her personal property as $1,200. In her proof of loss, Brown is seeking $130,308.16 for damage to her home and $85,184.27 for the personal property destroyed in the fire.

Allstate concluded that Brown intentionally set the fire and that she submitted a fraudulent proof of loss. Allstate denied Brown's claim under the policy, resulting in this litigation.

## LAW AND ANALYSIS

Allstate seeks summary judgment in its favor, arguing that the doctrine of judicial estoppel should bar or limit Plaintiff's claim.

**I.      Standard of Review**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a motion for summary judgment, the facts

and any reasonable inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252-55 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

## II. Judicial Estoppel

The doctrine of judicial estoppel "forbids a party 'from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.'" Teledyne Indus., Inc. v. NLRB, 911 F.2d 1214, 1217 (6th Cir. 1990). The purpose of the doctrine is to preserve "the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." Browning v. Levy, 283 F.3d 761, 776 (6th Cir. 2002) (quoting Teledyne, 911 F.2d at 1218). "[T]he evil to be avoided is colorfully described as 'the perversion of the judicial machinery,' 'playing fast and loose with the courts,' 'blowing hot and cold as the occasion demands,' and 'having one's cake and eating it too.'" Id. at 776 (citation and internal alterations omitted).

The application of judicial estoppel is "inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence." Browning, 283 F.3d at 776.

A failure to disclose a claim in bankruptcy may be deemed inadvertence "where the debtor lacks knowledge of the factual basis of the undisclosed claims, [or] where the debtor has no motive for concealment." Id. (citing In re Coastal Plains, 179 F.3d 197, 210 (5th Cir. 1999)).

The doctrine of judicial estoppel "should be applied with caution to 'avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement.'" Eubanks v. CBSK Fin. Group, Inc., 385 F.3d 894, 897 (6th Cir. 2004). "A district court may apply the doctrine of judicial estoppel at its own discretion." Blanton v. Inco Alloys Int'l, Inc., 108 F.3d 104, 108 (6th Cir. 1997).

Allstate contends that Brown's claim should be barred by judicial estoppel because she did not consistently value her assets in the bankruptcy petition and in her insurance claim. Allstate argues that the vast difference between these valuations demonstrates fraud as a matter of law, barring Brown's claim. Alternatively, Allstate argues that Brown's insurance claim should be limited to the amount that Brown valued her assets in the bankruptcy petition.

Brown listed the value of her home at $20,000 in her bankruptcy filings; in her proof of claim, she sought $130,308.16. Although there is a substantial difference in these valuations, the court declines to find that judicial estoppel bars or limits

Plaintiff's claim. The difference in these valuations may be explained by reasons other than fraud. Perhaps most important, they inherently different and are not necessarily equivalent valuations. The value claimed in Brown's bankruptcy filing was the market value in 2012; the value claimed in her proof of loss is replacement value in 2014. Although there is a significant difference between the two valuations, in this case this is not necessarily indicative of fraud. Unfortunately, there are neighborhoods in Detroit where homes sell for relatively low prices, far below the cost to rebuild a similar home. Indeed, Zillow currently estimates the value of Plaintiff's home, and most of the homes on Plaintiff's block of Shaftsbury, to be approximately $35,000.[1] The court does not cite this number as hard evidence of market value, but merely to demonstrate that Plaintiff's estimate of market value in her bankruptcy filing is not outside the realm of reason.

Neither is Plaintiff's request for $130,000 to replace her home, on its face, outside the realm of reason. Certainly, Allstate does not argue that Plaintiff may replace her home for $20,000. Furthermore, Allstate insured Plaintiff's dwelling for $140,211 and stated that "the estimated cost to replace your home is $175,263." Def.'s Ex. B.

---

[1] http://www.zillow.com/homes/18500-Shaftsbury-Ave-Detroit-MI-48219_rb/
A home around the block from Plaintiff's home, at 18477 Warwick St., is currently on the market for $24,900.

Under these facts, where market value and replacement cost substantially diverge for justifiable reasons, the court is unable to infer that Plaintiff has committed fraud or that Plaintiff was attempting to conceal the true value of her home from the bankruptcy court. The court declines to invoke the doctrine of judicial estoppel here.

Allstate also argues that Plaintiff substantially undervalued her personal property at $1,200 in her bankruptcy filing, because she seeks $85,184.27 to replace the personal property destroyed in the fire. Again, the value set in the bankruptcy filing, *i.e.*, the cash value available to repay creditors, is inherently different than the amount it would cost to replace the same items. See Hoffman v. Foremost Signature Ins. Co., 989 F. Supp.2d 1070, 1079 (D. Or. 2013).

In Hoffman, the plaintiff valued her personal property to be $5,000 in her bankruptcy filing, but sought $65,000 to replace her personal property after a fire. The defendant insurance company argued that the plaintiff should be judicially estopped from seeking more for her property than she valued it in bankruptcy. The court sought information about the inconsistency from the bankruptcy trustee. The bankruptcy trustee responded to the court that "[v]aluation in bankruptcy cases is far different than determining replacement value for purposes of insurance coverage" and "[i]t is the rare case where debtor schedules more than $5,000 in household furnishings, and often the number is closer to $3,000." Hoffman, 989 F. Supp.2d at

1079.

Moreover, this case is distinguishable from those in which a plaintiff concealed or substantially undervalued identifiable assets – such as furs, jewelry, or cash – from the bankruptcy court. See Smith v. Fireman's Fund Ins. Co., 16 F.3d 1221 (6th Cir. 1994). Rather, Allstate seeks to bar Plaintiff's claim based upon the diverging valuations alone. The court declines to apply judicial estoppel or find fraud as a matter of law based upon *valuations* of aggregate "household items" done at different times for different purposes.

On the other hand, if there are specific *items* listed on Plaintiff's proof of loss that she should have but did not disclose to the bankruptcy court, judicial estoppel may be appropriate. See Smith v. Allstate Ins. Co., 2006 WL 3833533 (S.D. Ohio Dec. 29, 2006) ("Plaintiff is judicially estopped from obtaining a recovery in this proceeding for any property that the Smiths allegedly owned at the time of the bankruptcy proceedings, and thus would have been obligated to disclose in those proceedings, but which they failed to disclose."); Sexton v. State Farm Fire & Cas. Co., 2011 WL 2516742 (E.D. Tenn. June 23, 2011) ("[P]laintiffs should be judicially estopped from claiming recovery for any items they failed to disclose in their bankruptcy proceeding.").

Here, however, it is not clear to the court whether there are items that Plaintiff

should have disclosed to the bankruptcy court and whether the disclosure of those items would have made a difference in the disposition of her bankruptcy case. A review of Plaintiff's inventory attached to her proof of loss shows that she is seeking the replacement cost for household items such as photo frames, clothing, fishing gear, compact discs, toiletries, children's toys, posters, throw pillows, board games, umbrellas, candles, bath towels, and bed sheets. Def.'s Ex. K. These items are unlikely to have sufficient value to use to repay Plaintiff's creditors; at the same time, the cost to replace these items is likely much higher than their cash or resale value. It is not clear to the court that Plaintiff had a motive to conceal these household items from the bankruptcy court or that she gained an advantage from doing so. Under these facts, the court declines to exercise its discretion in favor of applying the doctrine of judicial estoppel, nor will it find fraud as a matter of law. The issues of fraud and Plaintiff's credibility are for the jury to decide.

## **ORDER**

For these reasons, IT IS HEREBY ORDERED that Defendant Allstate's motion for summary judgment is DENIED.

s/John Corbett O'Meara
United States District Judge

Date: April 14, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, April 14, 2015, using the ECF system.

s/William Barkholz  
Case Manager
