UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATORIA BROWN,

    Plaintiff,                                                   Case No. 14-13036

v.                                                           Hon. John Corbett O'Meara

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendant.
_____/

## ORDER GRANTING ALLSTATE'S MOTIONS TO BIFURCATE AND LEAD PROOFS

Before the court are Defendant Allstate Property and Casualty Insurance Company's motions to bifurcate the trial and lead the proofs, filed April 25, 2016. Plaintiff has not filed briefs in response.

This case involves Allstate's denial of Plaintiff's homeowners' insurance claim. Plaintiff's home was destroyed by a fire on November 23, 2013. Allstate denied Plaintiff's claim, contending that she intentionally set the fire.

Allstate seeks to lead the proofs at trial, contending that it has the burden on its affirmative defenses. With respect to her breach of contract claim, Plaintiff must prove the existence of a valid contract, a breach by Allstate, and damages. Allstate concedes the existence of the insurance policy, coverage for the damages

caused by the fire, that fire damage occurred, and that it denied Plaintiff's claim. Therefore, Plaintiff's burden of proof is met, except for damages.

The primary issues at trial are Allstate's affirmative defenses of arson and fraud, for which it has the burden of proof. It is within the court's discretion to allow the party with the burden of proof to lead the proofs at trial. "A district court has wide discretion to set the order of proof at trial. Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof." Anheuser–Busch, Inc. v. John Labatt Ltd., 89 F.3d 1339, 1344 (8th Cir. 1996). In light of the dispositive nature of Allstate's affirmative defenses here, the court finds it appropriate for Allstate to open and close the proofs. See Dishman v. American Gen. Assurance Co., 193 F. Supp.2d 1119, 1127-28 (N.D. Iowa 2002) (allowing defendant insurance company to open and close case because it had the burden of proof on its affirmative defenses and the plaintiff's "success or failure on her claim is ultimately dependent upon [the insurer's] success or failure on its affirmative defense").

The court also finds it appropriate to bifurcate liability and damages. See Fed. R. Civ. P. 42(b). "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Id. "In determining

whether bifurcation is appropriate, a district court must balance several factors, including potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result from separate trials." Tinch v. City of Dayton, 1996 WL 77445 at *3 (6th Cir. Feb. 20, 1996).

Bifurcating liability and damages will streamline and expedite the first trial, without creating prejudice to the parties or jury confusion.  The outcome of the liability phase may obviate the need for a damages phase, either because Defendant has prevailed, the parties have resolved the issue themselves, or the parties have availed themselves of the appraisal process set forth in M.C.L. 500.2833(1)(m).

Accordingly, IT IS HEREBY ORDERED that Allstate's motions to bifurcate liability and damages and to lead the proofs are GRANTED.

s/John Corbett O'Meara
United States District Judge

Date:  September 28, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 28, 2016, using the ECF system.

s/William Barkholz
Case Manager